Today we have Sue Park J. Lee v. State Farm Mutual Automobile. It's 23-7-2-3-0. Mr. Biscone. Good morning, Your Honors. Meryl Biscone from the firm of Rifkin-Radler. And I represent the defendants, State Farm and Ms. Frommis, in this matter. Initially, in connection with the lost wages claim, it's our position that this was barred by res judicata. The fact that a later claim seeks additional relief will not permit relitigation of the claim arising out of the same factual grouping. Here, it's indisputable that it was the same factual grouping. It's the same accident. The plaintiff was just seeking additional lost wages. And even bolstering our argument more, here, the plaintiff fails to explain why she didn't submit these further claims when they were given, specifically given the opportunity to expand this record. So my question, I understand your viewpoint that the lost wages claims were at issue during the arbitration, but the specific period the plaintiff is seeking to recover now arose after the filing of the arbitration and overlapped significantly with the duration of the arbitration itself. So is it your position that the lost wages that were continuing to accrue should have been added as they arose? Yes. Is that the position? And what's the legal basis for that? The case is set in our brief. There's the Waldman case and the Hyman case. There, this Court rejected the fact that even though two new allegations that postdated the suit came to light, they should have been raised. So what happens if we disagree with you? Is there any other basis for dispensing the claim? Well, also because she was specifically given the opportunity to expand the record, which would have included those dates. She was given through June 2020 to expand the record, and these claims arose from October 18 to April 20. So they would have been specifically provided for if she took advantage of expanding the record as offered. She declined. I was interested in potentially an issue of jurisdiction. My understanding of the record, and I would like for you to tell me if I'm wrong, was that the notice of appeal was a file that said September 28, 2023, but the judgment wasn't actually entered until October 11, 2023. Yes. Was this a premature notice? It could have been. It could have been? I'm asking, does that affect our jurisdiction? It might have. We didn't raise that in our brief, but it is our opinion that it might have been a premature appeal. But then what would that have done? Because you have not raised it. Obviously, we can't ignore jurisdictional issues. Do you have a more developed position as to what? We think that the plaintiff, it would be akin to the plaintiff seeking this court to accept jurisdiction, accept the premature appeal as an appeal. I mean, I'm not going to make the plaintiff's argument for her. We'd be willing to have the appeal dismissed if the court feels like it didn't have jurisdiction. But there are arguments to be made that this was premature. Are you aware of there's a case from this circuit that even where there's a notice of appeal filed before the final judgment, the court may accept the final, may, the notice of appeal may be premature, but it can be sort of accepted later if the appellee suffers no prejudice. So are you claiming any kind of prejudice if we were to? We didn't raise that, but we would argue that, that the appeal should be dismissed. Okay. But where's the prejudice if we were to accept, follow some of our precedent that said where there's no showing of prejudice, even though they sort of jumped the gun and filed the notice of appeal too early, we can still now accept it? Just the right for the claim to be finally ended. It's our position that, you know, there was no merit to this claim. The plaintiff missed all kinds of deadlines throughout, dragged her feet throughout, then sought notice to amend her complaint just to put an end to this case. So the prejudice is it just continues the litigation. Continues, yes. And you're incurring expenses. Yes. Thank you. Just if I may continue quickly, the statute of limitations argument, that's the physical damage. We had a one-year suit limitation in our policy. The plaintiff ignores that, just says the six-year should apply. No basis, no authority for that. In connection with the individual liability of the State Farm Adjuster, we'd just like to say there's no authority for an agent acting as a disclosed principal for individual liability to be had there. Are you familiar with our case law about this Court's ability to dismiss a case when a plaintiff failed to object to a magistrate's report and recommendation? Yes. She also did not timely object to any of the reports. So we would argue that that's a separate reason to dismiss the appeal. But it wouldn't be ruling, if we did that, would we still be, that would mean that we would not be ruling on res judicata, right? Right. We would be using our discretionary authority to decide to preclude judicial review because it wasn't objected to. Yes. Is there a, would that be of concern to your client? We would like it decided on the merits this way in its final judgment. But we would be willing to say that, you know, we've put forth those arguments that she did not timely object to either of the magistrate's arguments. But then we don't want to just delay this case further. We think we have good arguments on the merits. With regard to the uninsured, underinsured benefit claims, it appears appellants in their reply brief take issue with a settlement that was reached relating to those claims. Yes. But am I correct that that issue was not raised below or at any point until the reply brief? That is correct. So we're saying that she cannot raise it now. And just with punitive damage, the amendment of the complaint will rest on a brief, unless this Court has any specific questions. Thank you. Thank you.